MELVIN, WOODROW M., Associate Judge
(dissenting).
An automobile accident in Lake Park, Florida, is the subject matter of the final judgment now on review before this Court. The parties will be referred to here as they were designated in the trial Court.
The plaintiff, Diane Miller, was operating her Volkswagen proceeding East on Park Avenue, a four lane road. The defendant, Grace Lupoletti, was proceeding West on Park Avenue, driving her Rambler sedan, with her husband as a passenger in the front seat of the car. The time was shortly past noon and there was a heavy rain falling. The plaintiff was traveling in the lane closest to the center line as she approached the intersection of Park Avenue at Fifth Street. She was traveling about twenty-five miles per hour. There were no traffic control devices as to traffic on Park Avenue, but traffic on Fifth Street was controlled by stop signs.
The main thrust of the challenge to the validity of the final judgment is aimed at the ruling of the trial Court directing a verdict in favor of the plaintiff and against the defendant on the issue of liability.
The defendant lived on the South side of Park Avenue. It is her testimony that, as she came to the intersection of Park Avenue with Fifth Street, it was her purpose to make a left turn and that she brought her car to a complete stop. She further testified at that time she noticed four headlights which she judged to be about a block away. Her husband gave similar testimony. Two of those headlights were on the plaintiff’s car. The defendant testified she then proceeded to make the turn at a slow speed because of heavy accumulation of water in the roadway and that as she was making the turn the plaintiff’s car struck her, the point of impact being the front of the plaintiff’s vehicle and the right side of the defendant’s vehicle.
It was the testimony of the plaintiff that she saw the defendant’s vehicle as it was traveling West on Park Avenue and before it turned. The plaintiff did not see it as it turned or after it turned until just before the impact. The impact occurred in the plaintiffs lane of traffic closest to the center line of Park Avenue.
The defendant stated that she might have guessed wrongly in thinking she had enough time to make the turn. The police officer, who investigated the accident, testified that the windshield in defendant’s car was fogged up, but that none of the windows in the plaintiff’s car were fogged up. The plaintiff testified the defendant stated that the reason she did not see the plaintiff’s car was because her windshield was fogged up. The examining physician of both parties stated that the defendant, Mrs. Lupoletti, told him that the reason she did not see the plaintiff’s car was because her windshield wipers were not cleaning the windshield. The plaintiff testified that because the defendant drove right in front of her she could not avoid hitting her and only had time to put on her brakes and brace herself before impact.
In due season, the plaintiff moved the Court for directed verdict on the issue of liability and that motion was granted. The law regulating operation of an automobile into and across an intersection on a four lane thoroughfare is set forth in Section *70 317.321(1); 317.371(1); 317.411, Florida Statutes 1969, F.S.A.
The plaintiff had a right to assume, until put on notice to the contrary, that the defendant would not propel her car from the intersection at Fifth Street into the East bound lane on Park Avenue. The plaintiff had a right to assume that the defendant would obey the law in this regard.
The defendant strongly argues here that because of the testimony of the defendant that at the moment before she began her left turn into Fifth Street intersection plaintiff’s car appeared to her to be a block away, there was thus presented a jury question as to whether plaintiff’s car was such distance away and was proceeding at a greater rate of speed than was reasonable under attendant circumstances.
The defendant was, or should have been, conscious of the fact that her windshield wipers were not properly functioning and that her view was further obscured by the fogging up of the windows in her car.
Judges are not required to submit a case to a jury on the question of liability, when a finding of nonliability would be supported by no stronger foundation than mere speculation and guesswork.
In Hormovitis v. Mutual Lumber Company, Fla.App.1960, 120 So.2d 42, text 46, the well-settled rule was again stated,
“It has long been settled that a court may direct the verdict when reasonable men could not differ on the issue presented. . . . ”
The Judgment comes here with a presumption of correctness. I find no cause to overturn it in any particular. Therefore, for the reasons set forth, I respectfully note my dissent.